## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

TOMMY RAY MOSLEY                                                    PETITIONER
ADC #85548

V.                                  NO. 5:15cv00297-BSM-JTR

WENDY KELLEY, Director,                                          RESPONDENT
Arkansas Department of Correction


## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following Proposed Findings and Recommended Disposition ("Recommendation") have been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## I. Introduction

Tommy Ray Mosley ("Mosley"), an Arkansas Department of Correction inmate, has filed a 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and a Motion for Leave to Proceed *In Forma Pauperis. Docs. 1 & 2.* In his Petition, he raises

various habeas claims challenging his 1995 rape conviction in Garland County Circuit Court.[1]

On September 23, 1996, Mosley filed a § 2254 habeas action in the Western District of Arkansas, challenging the same conviction. *Mosley v. Norris*, W.D. Ark. No. 6:96cv06119. On January 29, 1997, United States Magistrate Judge Bobby E. Shepherd dismissed that case, with prejudice, concluding that Mosley's claims were either procedurally barred or without merit. *Id., docs. 28 & 29*. On June 25, 1997, the Eighth Circuit Court of Appeals denied a certificate of appealability. *Id., doc. 36*. On December 1, 1997, the United States Supreme Court denied Mosley's petition for a writ of certiorari. *Id., doc. 38.* On May 24, 1999, the Eighth Circuit denied Mosley's motion for authorization to file a successive habeas application. *Id., doc. 39.*

On September 9, 2003, Mosley filed a § 2254 habeas action in the Eastern District of Arkansas, which was dismissed as a successive petition filed without receiving the required authorization from the Eighth Circuit. *Mosley v. Norris*, No. 5:03cv00331-GH-JFF, *docs. 12, 14, 15* (E.D. Ark. May 28, 2004).

On July 18, 2012, Mosley filed a Motion for Relief from Judgment, under Rule 60(b), in his closed § 2254 action in the Western District of Arkansas. That motion

---

[1]Mosley was sentenced to life imprisonment. On February 5, 1996, the Arkansas Supreme Court affirmed his conviction and sentence. *Mosley v. State*, 914 S.W.2d 731 (Ark. 1996).

was denied, and the Eighth Circuit affirmed the denial. *Mosley v. Norris*, W.D. No. 6:96cv06119, *docs. 47, 54.* On October 22, 2013, Mosley filed a Motion for Reconsideration in the Western District case, which the Court denied on January 23, 2014. *Id., doc. 59.* Because of his repeated attempts to gain review of his state court conviction, the Court also directed the Clerk of Court for the Western District of Arkansas to accept no further filings from Mosley until he had obtained authorization from the Eighth Circuit to proceed with a successive habeas application. *Id.* Mosley appealed, and his appeal is still pending before the Eighth Circuit. *Id., docs. 60-68* (8th Cir. No. 15-1803).

According to the Eighth Circuit's records, it has denied several other petitions filed by Mosley seeking authorization to file a successive § 2254 action. *See Mosley v. Norris*, No. 08-1060 (8th Cir. April 1, 2008); *Mosley v. Norris*, No. 09-3045 (8th Cir. Oct. 28, 2009); *Mosley v. Hobbs*, No. 12-2020 (8th Cir. July 5, 2012); *Mosley v. Kelley*, No. 15-1788 (8th Cir. July 13, 2015).

On September 17, 2015, Mosley initiated this habeas action. For the reasons discussed below, the Court recommends that the case be dismissed, sua sponte, because Mosley has not obtained permission from the Eighth Circuit Court of Appeals to file a successive habeas action. *See* Rule 4, Rules Governing § 2254 Cases in United States District Courts.

## II. Discussion

In his § 2254 habeas Petition, Mosley yet again challenges his 1995 rape conviction. Only the Eighth Circuit Court of Appeals has the authority to grant permission to file such a successive § 2254 habeas action. *See* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Until Mosley obtains the required authorization from the Eighth Circuit, this Court lacks jurisdiction to proceed. *Burton v. Stewart*, 549 U.S. 147, 152-53, 157 (2007).

## III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Mosley's Motion for Leave to Proceed *In Forma Pauperis*, *Doc. 1*, be GRANTED;

2.    This 28 U.S.C. § 2254 Petition for a Writ of Habeas Corpus, *Doc. 2*, be DISMISSED, WITHOUT PREJUDICE, so that Mosley may seek authorization from the Eighth Circuit Court of Appeals, pursuant to 28 U.S.C. § 2244(b)(3)(A), to file a successive habeas petition;

3.    A Certificate of Appealability be DENIED, *see* 28 U.S.C. §

2253(c)(1)-(2); Rule 11(a), Rules Governing § 2254 Cases in United States District

Courts; and

DATED this 23rd day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE